CUTRER, Judge.
On May 14, 1981, the defendant, Edward Frank Rainey, was indicted by the Cameron Parish Grand Jury; Rainey was charged with one count of aggravated rape under LSA-R.S. 14:42. On August 26, 1982, the charge was amended to one count of sexual battery, LSA-R.S. 14:43.1, on motion of the State, and Rainey entered a plea of guilty. A presentence investigation was ordered by the court after being requested to do so by defendant’s counsel. After receiving this report and having a presentence hearing, at which the defendant presented several character witnesses, the trial judge sentenced Rainey to the maximum prison term of ten years as provided for by LSA-R.S. 14:43.1.
The assignments of error present two issues:
(1) Whether the sentence is excessive, under the circumstances of this case, in violation of the defendant’s constitutional guarantees as provided in Art. I § 20 of the Louisiana Constitution of 1974; and
(2) Whether the trial court complied with Louisiana Code of Criminal Procedure article 894.1.
The basic facts concerning Rainey, the victim and the commission of the offense are as follow:
Rainey is 34 years old; he has six prior convictions which resulted in three jail or prison terms and three probated sentences. During each probationary period- Rainey was convicted of a subsequent offense. The victim was an unmarried female 17 years of age; medical evidence confirmed she had never engaged in sexual intercourse before this incident. Defendant induced the victim to accompany him to an isolated spot in Cameron Parish on the pretext of the victim test driving a ear which Rainey had for sale. The defendant made complete vaginal entry upon the victim with both his hands and his genitals; the victim was also made to perform an oral genital sex act on the defendant.
*1330 The main thrust of the defendant’s argument concerning the excessiveness of the trial judge’s sentence arises from statements made by the judge. At defendant’s sentencing the trial judge said:
“[M]r. Edward Frank Rainey, you stand before me having entered a guilty plea to the crime of sexual battery, in violation of Revised Statute 14:48.1.... First of all, I’d like to comment on the facts of the crime itself. If the version of the incident which was related by the victim is accepted, then I do not think the defendant was overbilled. I think that all of the elements for the crime of aggravated rape were present. But naturally enough, the version offered by the defendant conflicts with that of the victim .... [N]ow even under the defendant’s version of the story I feel that a violation of Revised Statute 14:42.1, forcible rape, is evident....”
Defendant argues that the trial judge was influenced by the original charges brought against the defendant and that the trial judge, being improperly influenced, imposed the maximum sentence under the sexual battery statute when the circumstances of this case did not justify such a maximum sentence.
The law concerning excessive sentences is well settled; the following general statements require no citation. First, a sentence, although within the statutory limit, may violate a defendant’s constitutional right against being subjected to excessive punishment. Further, a sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime; that is, considering the crime in light of the harm to society caused by its commission and the punishment meted out for that crime, is the penalty or sentence so disproportionate as to shock the appellate court’s sense of justice. Regarding the imposition of a maximum sentence under a particular statute, it has been held that maximum sentences are appropriate only in cases involving the most serious violation of the relevant statute and the worst type of offender.
We do not believe that the trial judge lost sight of either the actual crime to which Rainey pled guilty or the constraints placed on courts when imposing maximum sentences. Continuing the above quotation of the trial judge’s statements at sentencing, we find:
[1] “[B]ut he is not before the Court on forcible rape. He’s before the Court on the lesser charge of sexual battery. But the Court cannot ignore the fact that he has committed an act which is far more serious than this reduced charge to which he has entered a plea of guilty. I think it is appropriate ... one of the few times where I ■think it is appropriate to impose a maximum sentence, which is ten years with the Department of Corrections.”
In State v. Lanclos, 419 So.2d 475 (La.1982), a maximum sentence for sexual battery was imposed upon the defendant after a plea bargain had reduced the charge of forcible rape. There, our Supreme Court said:

“In the instant case the record provides factual grounds which are more than adequate to support the sentence imposed. The offense of sexual battery does not fully describe the defendant’s conduct. By his own confession he is guilty of rape. The trial judge clearly considered this fact in deciding to impose the maximum sentence on the defendant.”

“This court has held that maximum sentences are appropriate only in eases involving the most serious violation of the relevant statute and the worst type of offender. State v. Jones, 398 So.2d 1049 (La.1981). In a case such as this, where the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court’s great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered.”

The Supreme Court went on to state that where a defendant has received a significant reduction in potential exposure to imprisonment through a plea bargain the above is “particularly true.” In Landos, *1331 the defendant’s potential maximum exposure to imprisonment fell from forty years to ten years. In the instant case the defendant was originally subjected to a potential sentence of life imprisonment; after the charge was reduced defendant faced a maximum of only ten years.
A trial judge is given wide discretion in the imposition of sentences within statutory limits. Absent a manifest abuse of discretion the sentence imposed by a trial judge should not be set aside as excessive. Considering the minimal contact which could constitute a sexual battery and the conduct Rainey had admittedly engaged in, in this case, we believe Rainey’s actions amount to the “most serious violation” of the sexual battery statute. Further, we find that Rainey, a 34 year old multiple offender, who lured a 17 year old to a desolate spot and engaged in the above described activity, is the “worst type offender.” The maximum sentence of ten years for sexual battery under the circumstances of this case is not excessive.
Defendant’s counsel makes several arguments under its general statement that the trial judge’s sentence was “contrary” to art. 894.1 of the Louisiana Code of Criminal Procedure. We have reviewed the record, the trial judge’s statements made at the sentencing and his reasons for sentencing and find no merit to these arguments. The trial judge specifically mentioned factors which follow the guidelines of 894.1(A), the aggravating factors, and explained why he felt none of the 894.1(B) factors, the mitigating factors, were present. It is not necessary that a trial judge articulate every aggravating or mitigating circumstance presented in art. 894.1, but the record must reflect that these factors were adequately considered to insure that the sentence was particularized to this defendant. State v. Guiden, 399 So.2d 194 (La.1981), U.S.Cert. den., 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). Again the Landos case provides language which is applicable in the instant case.
“[AJrtide 894.1 is not an exclusive'listing of factors to be considered in imposing a sentence. Any and all relevant factors can and should be taken into account by the trial court. The aim of Article 894.1 is to make the punishment fit the criminal as well as the crime. To meet that ideal, a trial judge must consider every circumstance surrounding the offense, including plea bargaining. To do otherwise would be to ignore clearly relevant information which has an important bearing on the true nature of the defendant’s conduct and the type of punishment most appropriate for that conduct. This court has upheld sentences which were based in part on the effects of a plea bargain. See State v. Stegall, 377 So.2d 103 (La.1979), State v. Washington, supra [414 So.2d 313 (La.1982)]. We find no error in the trial judge’s use of the plea bargain as a factor in determining the sentence to be imposed on this defendant.”
State v. Lanclos, 419 So.2d 475, 478 (La.1982).
We find no error in the trial court’s compliance with art. 894.1. We find that the sentence is not excessive under the circumstances.
For these reasons, the conviction and sentence [1] are affirmed.
AFFIRMED.

. Our attention has been called to the fact that the “Certifícate of Examination of the Record,” prepared by this court’s personnel and placed in the record, reflects that the sentence was “Ten (10) yrs. without the benefit of parole.” This was error and arose from a misinterpretation of the minutes. The minutes of the clerk of the trial court reflect that the defendant was sentenced to “10 years with the Department of Corrections without the benefit of probation, nor suspension.”
In the trial judge’s discussion of the sentence he imposed the sentence of 10 years with the Department of Corrections and then added that there was to be no probation or suspension. Further reading of the trial judge’s reasons for the sentence shows that he was saying that he (the trial judge) would not suspend and probate the sentence. The way the minutes were prepared could create some confusion. The minutes have been corrected to remove any ambiguity, showing that the sentence of the defend *1332 ant was that he serve 10 years with the Department of Corrections. Likewise, our Certificate of Examination has been so corrected.