SEXTON, Judge.
Defendant appeals his sentence of ten years at hard labor for the commission of Sexual Battery in violation of LSA-R.S. 14:43.1, contending it constitutes excessive punishment in violation of Art. 1, § 20 of the 1974 Louisiana Constitution. The sentence imposed is the maximum punishment authorized by the Sexual Battery .statute. We affirm the sentence imposed.
On October 6,1981, at approximately 2:30 a.m., defendant and an unidentified individual entered the victim’s Shreveport apartment, repeatedly raped the victim and ransacked the apartment for valuables. The victim resisted the encounter, but was forced to submit through the use of a weapon, apparently a .38 caliber gun. Defendant threatened to kill the victim and her young child who was present in the apartment unless she submitted. The victim was also forced to perform oral sex on defendant twice. A watch, a ring and a small amount of cash belonging to the victim were taken from her apartment by the assailants.
On March 6,1982, defendant was arrested and charged with Aggravated Rape, (LSA-R.S. 14:42), Aggravated Crime Against Nature (LSA-R.S. 14:89.1), and Armed Robbery (LSA-R.S. 14:64). On April 19,1982, a Caddo Parish Grand Jury returned a True Bill charging defendant with Aggravated Rape and Aggravated Crime Against Nature. On January 25, 1983, defendant pled guilty to the reduced charge of Sexual Battery (LSA-R.S. 14:43.1). On March 3,1983, defendant received the maximum sentence of ten years at hard labor for the commission of that offense. From that imposition of sentence, defendant timely perfected this appeal.
Defendant makes no contention that the trial judge failed to adequately articulate for the record the factual basis and the considerations for the imposition of this sentence as required by LSA-C.Cr.P. Art. 894.1. Therefore, the issue presented by this appeal is “... whether the trial judge abused his sentencing discretion based on the record and the reasons stated in pronouncing sentence.” See State v. Bourgeois, 406 So.2d 550 (La.1981), at 554. We find no abuse of discretion in this case.
Defendant contends that an abuse of discretion occurred when the trial judge failed to give adequate consideration and weight to the mitigating factors of defendant’s young age and relatively minor prior criminal record. Defendant is 24 years old and has no prior felony convictions. However, defendant does have a juvenile arrest record as well as an adult arrest and conviction record. We find that the trial judge gave adequate consideration and appropriate weight to these factors both in deciding *872 to impose imprisonment rather than probation and in determining the appropriate length of the sentence to be imposed.
As previously noted, defendant pled guilty to the greatly reduced charge of Sexual Battery. The State accepted that plea in satisfaction of the Aggravated Rape charge facing defendant. Additionally, in exchange for that plea, the State dropped the Aggravated Crime Against Nature charge facing defendant. Under the facts of this case, .defendant might well have been convicted of either or both of those offenses and subjected to a much more severe punishment than the sentence actually imposed. Through the perfection of the plea bargain agreement,, defendant escaped that possibility and lessened his potential exposure to a maximum of ten years.
After considering the facts of this case, the serious nature of the offense committed, the plea bargain agreement and defendant’s prior criminal record, the trial judge concluded that the imposition of a sentence less than the statutorily authorized maximum would unduly deprecate the seriousness of the crime. These findings are in complete accord with the pre-sen-tence investigation. It appears obvious that the trial judge felt any mitigating factors present in this case were sufficiently accounted for in the perfection of the plea bargain agreement. This assessment is well supported by the record.
Furthermore, we reject defendant’s contention that his age, 24 years, is a mitigating factor in this case. Nor does the fact that the trial judge failed to expressly mention defendant’s age warrant vacation of the sentence imposed. An examination of the record reveals that the trial judge was well aware of defendant’s age and considered it in imposing sentence. It appears to us that the trial judge felt defendant had received sufficient leniency through the plea bargain agreement and felt no further leniency was warranted due to defendant’s age. Adequate compliance with LSA-C.Cr.P. Art. 894.1 does not require that the trial judge articulate every aggravating and mitigating circumstance present in the case before him. It is sufficient that the record reflects he adequately considered the guidelines set forth in that statute and imposed a sentence particularized to the defendant and the offense. See State v. Guiden, 399 So.2d 194 (La.1981).
Our review of the record in this matter convinces us that the trial judge adequately discharged his duty. Defendant’s sentence is affirmed.
AFFIRMED.