475 So.2d 101 (1985)
STATE of Louisiana, Appellee,
v.
Leslie Dale MARTIN, Appellant.
No. 17130-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
Rehearing Denied September 20, 1985.
Indigent Defender Office by Ford E. Stinson, Jr., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Dist. Atty. by James M. Bullers, Asst. Dist. Atty., Benton, for appellee.
Before HALL, FRED W. JONES, Jr., and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The defendant Martin was tried by jury for aggravated rape and found guilty of sexual battery (La.R.S. 14:43.1), for which he was sentenced to imprisonment at hard labor for ten years. The defendant appealed his conviction and sentence, reserving two assignments of error.
The 22 year old Martin was indicted by a grand jury for the aggravated rape of his 14 year old sister. The offense allegedly took place at the apartment where the two lived with their mother, who was in the hospital at the time.
At the trial the defendant neither testified nor presented any other evidence on his behalf. During the state's closing argument the defense objected to the prosecutor's alleged reference to defendant's failure to take the stand and moved for a mistrial, which the trial judge denied.

ASSIGNMENT OF ERROR NO. 1
During the course of his closing argument the prosecutor stated:
"Theof course, the main witness in this case is the victim, fourteen-year-old Denise Martin. Now, ladies and gentlemen, you heard Denise testify, and she was on the stand a long time. I told you *102 in my opening statement that it would be difficult for her, that she would have times that she was vague. She had to relate something to you, twelve strangers in this courtroom, that was a terrible trauma to her. The worst day in Denise Martin's life was August sixth, nineteen eighty-four. Yesterday was probably the second worse day. She was a courageous child. If you believe everything that she told you, and you listened to her testimony; there was other testimony; there was other evidence. Her testimony was uncontradicted. Not only was it uncontradicted, her testimony was (objection)... corroborated...."
The defense moved for a mistrial, arguing that the state's description of the victim's testimony as "uncontradicted" directed the jury's attention to the defendant's failure to testify on his behalf since he was the only other person present at the scene of the alleged crime.
La.C.Cr.P. Article 770 provides in part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense;
* * * * * *
In State v. Latin, 412 So.2d 1357 (La. 1982), the court commented:
"References made in closing argument that the State's case stands uncontroverted have been frequently upheld by this Court. (citations omitted). A statement that the State's theory of the case remains unassailed encompasses the entire case presented by the defense and does not focus on the defendant's failure to take the stand. However, when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify. See State v. Perkins, 374 So.2d 1234, 1237 (La.1979)."
In this case the testimony of the victim could have been disputed, not only by the defendant, but also by medical witnesses if there had been no evidence of sexual assault. To the contrary, medical witnesses here testified that there was physical evidence of penetration.
It is significant to note that immediately prior to describing the victim's testimony as "uncontradicted" the prosecutor stated: "there was other testimony; there was other evidence." And, just after using "uncontradicted" he said: "her testimony was corroborated." Consequently, it is apparent that the state was not alluding to defendant's failure to testify.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant was given the maximum imposable sentence for sexual battery. He contends in this assignment that the sentence is excessive.
The sentencing guidelines of La.C.Cr.P. Article 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (1983).
At the sentencing hearing the trial judge summarized the victim's testimony as follows:
"But the victim indicated that you and she were at home in the family apartment. Your mother was in the hospital at the time. And that she was giving the dog a bath and that you entered the bathroom and started to fondle her. And that when she began to resist, that you placed a knifetook a knife and placed it to her throat, forced her into the mother's bedroom, made her take off her clothes. She went into the bedroom, *103 locked the door and tried to escape through a bedroom window, but that you kicked the bedroom door open, and forced her to get onto the bed, where you made her disrobe and raped her."
The trial judge also recited, from the presentence report, defendant's extensive history of juvenile delinquency. Since May 1981 he had been apprehended for shoplifting, simple assault of his mother, and several instances of criminal damage to property. The defendant was adjudicated delinquent and committed to the Department of Corrections on at least three occasions. Furthermore, he had what was described as "an abbreviated academic history and a poor work record."
These additional items in the presentence report were also considered:
(1) The defendant's mother reported that her son was vindictive and threatening. He had abused his sister in the past, pouring hot soup on her. The sister was "petrified" that her brother will be freed.
(2) The mother described her son as a person who believes in "getting even". She felt strongly that if granted a suspended sentence, he would kill her, her daughter or someone.
(3) The mother reported that her son once stole an item from an aunt with a stomach problem and, when confronted about the theft by the aunt, secretly filled something she consumed with hot sauce, causing her great pain and distress.
(4) The mother indicated that, if the defendant was set free and came around her home, she would probably shoot and kill him.
After further considering the factors listed in Article 894.1, the trial judge concluded that the defendant was in need of a custodial environment and imposed the ten year sentence.
In view of the circumstances described above, and the fact that the defendant was probably actually guilty of aggravated rape though found guilty of a lesser offense, we do not consider the sentence imposed to be excessive.
This assignment lacks merit.

Decree
Defendant's conviction and sentence are affirmed.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, JR., and LINDSAY, JJ.
PER CURIAM.
The application for a rehearing correctly shows the defendant's age as 17 rather than 22 as set forth in the opinion. However, this does not change the result of the opinion and the application for a rehearing is denied.