FORET, Judge.
Defendant, Michael Todd Willis, was charged by bill of information with attempted forcible rape, a violation of LSA-R.S. 14:27 and R.S. 14:42.1. After initially entering a plea of not guilty to this charge, defendant subsequently pleaded guilty to the lesser offense of sexual battery, a violation of LSA-R.S. 14:43.1. On March 21, 1986, the trial court sentenced defendant to serve eight years at hard labor. Defendant has appealed this sentence and made two assignments of error, in which;
(1) he asserts that the trial court imposed an excessive sentence, and
(2) he requests that this Court examine the record for all errors patent.
ASSIGNMENT OF ERROR NO. 1
Through this assignment of error, defendant contends that the trial court erred in imposing an excessive sentence. A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So2d 580 (La.1982). However, the trial judge is given wide discretion in the imposition of sentences and his decision should not be upset absent a manifest abuse of discretion. State v. Pra-dos, 404 So2d 925 (La.1981); State v. Gra-nier, 442 So2d 1162 (La.App. 3 Cir.1983), writ denied, 444 So2d 1214 (La.1984).
In the present case, defendant was convicted of the crime of sexual battery, a violation of LSA-R.S. 14:43.1. The maximum sentence to which the court could have sentenced defendant was ten years at hard labor. The record before us, in particular the transcript of the sentencing procedure, shows that the trial court carefully followed the sentencing guidelines of LSA-C.Cr.P. art. 894.1. The trial judge considered both aggravating and mitigating factors. Before sentencing defendant, the *40 trial judge reviewed a pre-sentence investigation report. In support of his decision to sentence defendant to eight years at hard labor, the trial judge noted that defendant had originally been charged with attempted forcible rape but had plead guilty to the lesser charge of sexual battery. The trial judge observed that if the police had not come to the victim’s aid, that defendant would have, in all probability, raped the victim. The trial judge also noted that defendant had been convicted of felonies on two previous occasions. We have fully reviewed the record and are in agreement with the trial court’s evaluation of defendant and the crime to which he plead guilty. The trial judge’s sentence was not excessive. '.,
ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant requests that this Court inspect the pleadings and proceedings for any errors patent on the face of the record. Even absent such a request from the defendant, this Court has a duty to inspect the record for such errors. LSA-C.Cr.P. art. 920. As we do in every case, we have inspected the record for such errors, but have found none.
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.