513 So.2d 1159 (1987)
STATE of Louisiana,
v.
Michael SCHENCK.
No. 87-K-1046.
Supreme Court of Louisiana.
October 19, 1987.
*1160 John Wayne Mumphrey, Jeffrey Perigoni, Gregory D'Angelo, Chalmette, for applicant.
William J. Guste, Jr., Atty. Gen., John Rowley, Dist. Atty., Walter Drake, Jr., Chalmette, for respondent.
CALOGERO, Justice.
As the fourteen year old female victim and her aunt were leaving a Mardi Gras parade in St. Bernard Parish on the night of March 3, 1984, the twenty-one year old male defendant jumped from behind a tree, grabbed her by the hips from behind, rubbed himself against her, reached in front and touched or squeezed her between the legs (she was wearing pants) in the pubic region. It was a momentary event quickly concluded when the startled victim dug an elbow into the defendant and cried out, "Pervert", prompting the defendant to agree ("That's me") as he ran back in the direction of the parade.
Michael Schenck was convicted after a judge trial for the crime of sexual battery in violation of La.Rev.Stat.Ann. § 14:43.1 (West 1986), a felony with an authorized statutory penalty of ten years imprisonment at hard labor. He was sentenced to two and one-half years at hard labor. After the conviction was affirmed in the Court of Appeal, we granted writs to review the defendant's contention that his proven conduct did not constitute a sexual battery as defined in La.R.S. § 14:43.1, and, in all events, that there was insufficient evidence to establish the victim's compelled submission to the proscribed sexual conduct, a requirement under the statute.
Because we find merit in the latter contention (no evidence that the victim was compelled to submit to the defendant in this case, within the meaning of Louisiana's Sexual Battery statute, La.R.S. 14:43.1), we do not reach defendant's argument that sexual battery cannot be committed by touching through clothing, that La.R.S. § 14:43.1 requires actual physical contact between the offender and the victim.
At trial, the victim testified that she was wearing pants at the time of the incident and that the defendant touched her "behind" and her "vagina". In response to the question, "What did you do when he touched you?", the victim responded, "I screamed and elbowed him. I didn't know what to do. I was in shock." The trial judge found the defendant guilty of sexual battery in violation of La.R.S. 14:43.1 based on his opinion "that the offender used force and did touch the genitals of the victim...." There was no finding that the victim was compelled to submit to the defendant. The Court of Appeal took a slightly different approach and found that the evidence was sufficient to sustain a conviction for sexual battery based on the fact that "[t]he victim's testimony indicates that she was intimidated by her attacker's size and her initial failure to resist his actions was caused by this fear. Testimony at trial also indicated that at least the external genitals of the victim were touched by the defendant."[1]
The crime of sexual battery was added to the Louisiana Criminal Code in 1978 as a subset of the crime of simple rape, to penalize sexual offenses which fall short of rape where contact between specific *1161 sexual organs occurs.[2] The statute, as originally enacted, emphasized that the criminal conduct proscribed was sexual conduct involving contact between specific sexual organs coupled with the element of compulsion.[3] The ten year felony offense of sexual battery, created a class of sexual offenses to punish acts more severe than simple battery but less serious than non-consensual sexual intercourse where there is a sexual act committed by a person not the spouse of the offender and where the offender compels the victim to submit by placing the person in fear of receiving bodily harm. The Legislature adopted the sexual battery statute without deleting the provisions of the Criminal Code which relate to crimes against nature,[4] although the Law Institute recommended that sexual battery replace actions previously considered crimes against nature.[5]
In 1981, the statute was amended and was in place in this form at the time of this incident:
Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm:
(1) The touching of the anus or genitals of the victim by the offender using any *1162 instrumentality or any part of the body of the offender: or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years.
Act of July 20, 1981 La.Acts No. 624, § 1, effective July 20, 1981.[6]
The areas covered by the statute were broadened with this 1981 amendment to include the anus or the genitals and touching accomplished by use of any instrumentality. The requirement of forced submission was retained. La.Code Crim.Proc.Ann. art. 814(A)(8), (10), and (12) (West 1981 & Supp.1987) makes sexual battery a responsive verdict where aggravated rape, forcible rape or simple rape is charged, evidencing a legislative scheme that envisions sexual battery as encompassing conduct falling short of actual rape but which is sexually intrusive and more egregious than a simple battery.
This Court has not yet been called upon to interpret La.R.S. § 14:43.1, but has affirmed convictions under this statute on at least two occasions where in fact an actual rape had occurred. In State v. Arnaud, 412 So.2d 1013, 1015 (La.1982), we upheld a sentence of six years at hard labor after a jury found the defendant guilty of sexual battery where the evidence showed that the victim had been raped at knifepoint and that her six year old son witnessed a portion of the events. Later the same year, in State v. Lanclos, this Court upheld a sentence of ten years at hard labor where the defendant pled guilty to sexual battery after confessing that he was guilty of rape, and where the offense of sexual battery did not fully describe the gravity of defendant's conduct.[7] 419 So.2d 475, 478 (La.1982).
*1163 This court recently addressed the issue of the degree of force necessary for a conviction of molestation of a juvenile under La.Rev.Stat.Ann. § 14:81.2 (West 1986) in State v. LeBlanc, 506 So.2d 1197 (La.1987). We concluded that "the Legislature contemplated a requirement of something more than the mere exertion of physical effort necessary to commit the lewd act" to sustain a conviction for molestation of a juvenile. Id. at 1200. As pointed out in LeBlanc, "the `use of force' element (in molestation of a juvenile) refers to the forcible means of overcoming the will or the resistance of the victim, and this additional essential element requires a use of force in addition to any mere touching or minimum effort exerted in performing the lewd act." Id. We contrasted this force to the "use of force" element of the crime of battery, La.Rev.Stat.Ann. § 14:33 (West 1986), the latter being simply a minimum force distinguishing the crime of battery from a mere incidental touching. LeBlanc, 506 So.2d at 1200. See also, State v. Dauzat, 392 So.2d 393, 396-97 (La.1980); State v. Comeaux, 249 La. 914, 192 So.2d 122 (La.1966); State v. Mitchell, 466 So.2d 514, 517 (La.App.3d Cir.), writ denied, 467 So.2d 1121 (La.1985).
Similarly here, sexual battery requires something more than the simple forceful touching required to prove battery; a showing that the victim was compelled to submit to the sexual touching because the offender placed the victim in fear of receiving bodily harm. To submit, in the sense in which it is used here, is defined in Webster's Dictionary as "to yield oneself to the authority or will of another." Read properly, the intentional engaging in an act with another person where the act involves genital touching and where the offender compels the person to submit contemplates an accomplished submission, a success at getting the victim to yield. Here, the victim did not submit. She may have frozen momentarily and been startled, but she did not submit. As soon as she could determine what to do, she elbowed the defendant and caused termination of the encounter. There is a deficiency of proof as to the element of compulsion here, and thus insufficient evidence of an essential element necessary for a conviction of sexual battery. State v. Greenway, 422 So.2d 1146 (La.1982); State v. Byrd, 385 So.2d 248 (La.1980). The fact that the victim reacted with fear and surprise and momentarily froze is not sufficient to support a finding that she was compelled to submit. The victim repelled the offender by elbowing him. She did not exhibit an intellectual resignation to the defendant's actions; her reaction was merely momentarily retarded. The force exhibited by this defendant was merely that necessary to accomplish the non-consensual sexual touching.
*1164 Having concluded that there is insufficient evidence to support a conviction of sexual battery, we turn now to the issue of whether or not this defendant is guilty of a lesser included offense.[8] Defendant maintains that he must be discharged as there is no lesser included offense to the crime of sexual battery. The State, on the other hand, contends that the lesser included offenses of indecent behavior with a juvenile, La.Rev.Stat.Ann. § 14:81 (West 1986 & Supp.1987), or attempted sexual battery, La.Rev.Stat.Ann. § 14:27 (West 1986), apply. Neither the defendant nor the state is correct.
With regard to the state's contention, indecent behavior with a juvenile, La.R.S. § 14:81, requires proof of two essential elements that sexual battery does not: that the offender had the intent to arouse or gratify the sexual desire of either himself or the victim; and, that the offender be at least two years older than a victim under seventeen. Indecent behavior is thus not a lesser included offense of sexual battery. And attempted sexual battery requires proof of specific intent to complete the crime of sexual battery. State v. Parish, 405 So.2d 1080, 1086 (La.), on rehearing, 405 So.2d 1085 (La.1981), upheld after remand, 429 So.2d 442 (La.1983). And an element of sexual battery is compelling the victim to submit by placing her in fear of receiving bodily harm. There is no evidence to support a conclusion that the defendant here intended to engage in a sexual act by compelling the victim to submit by placing her in fear of receiving bodily harm, nor that he intended anything more than what in fact he accomplished.
With regard to defendant's contention that there is no lesser included offense to the crime of sexual battery, we note that sexual battery is not listed in Louisiana Code of Criminal Procedure article 814 as an offense for which specific responsive verdicts are legislatively prescribed. La.Code Crim.Proc.Ann. art. 814 (West 1981 & *1165 Supp.1987). Therefore, article 815 applies. La.Code Crim.Proc. art. 815 (West 1981).
Article 815 of the Code of Criminal Procedure states that in all cases not provided for in article 814 a verdict of guilty of a lesser and included grade of the offense charged is a responsive verdict. A lesser offense is included in the charge of the greater offense if all of the elements of the lesser crime are included in the definition of the greater offense.
State v. McCoy, 337 So.2d 192, 196 (La.1976) (citations omitted).
As it existed at the time of this incident, sexual battery was the intentional touching of the anus or genitals of either the victim or the offender where the victim is not the spouse of the offender and where the offender compelled the victim to submit to such touching by placing the victim in fear of receiving bodily harm. Battery is defined in La.Rev.Stat.Ann. § 14:33 (West 1986) as "the intentional use of force or violence upon the person of another...." As we explained in LeBlanc, 506 So.2d at 1200, "[t]he `use of force' in La.R.S. § 14:33 contemplates the minimum force or violence upon the person necessary to commit the crime of battery and distinguishes the crime from an accidental or incidental touching. Moreover, the force constitutes the criminal act itself, rather than the means of overcoming the victim's will." Simple battery, as defined in La.Rev.Stat.Ann. § 14:35 (West 1986) is "a battery committed without the consent of the victim." An essential element of battery is "physical contact whether injurious or merely offensive", and it may be committed by touching another through clothing. State v. Dauzat, 392 So.2d 393, 396 (La.1980). See also, State v. Mitchell, 466 So.2d 514, 517 (La.App. 3d Cir.1985), writ denied, 467 So.2d 1121 (La.1985). Every element of simple battery is included in the offense of sexual battery. Thus simple battery is a lesser and included offense of the crime of sexual battery. State v. McCoy, 337 So.2d at 196; State v. Turnbull, 377 So.2d 72 (La.1979); State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).
The court below, having rendered a judgment of guilty of sexual battery, necessarily found the existence of every essential element of the lesser and included offense of simple battery and the evidence fully supports the finding of each such essential element. State v. Harveston, 389 So.2d 63 (La.1980). See La.Rev.Stat.Ann. § 14.5 (West 1986). Under such circumstances, a reviewing court, pursuant to La.Code Crim.Proc.Ann. art. 821(E) (West Supp.1987) and art. 820 (West 1981) may modify the lower court's decision and render a judgment of conviction of the lesser and included offense. State v. LeBlanc, 506 So.2d at 1201; State v. Lombard, 486 So.2d 106 (La.1986), affirmed on remand, 501 So.2d 889 (La.App. 5th Cir.1987), writ denied, 506 So.2d 504 (La.1987); State v. Byrd, 385 So.2d 248 (La.1980). La.Code Crim.Proc. art. 814. Accordingly, the judgment of conviction of sexual battery will be reduced to simple battery.

Decree
The judgment of the Court of Appeal is therefore affirmed in part and reversed in part. It is reversed only insofar as it did not modify the judgment and set aside the sentence; otherwise that judgment is affirmed. The judgment of conviction for sexual battery is modified; a judgment of conviction for simple battery is rendered; the sentence is set aside and the case remanded to the district court for sentencing.
COURT OF APPEAL JUDGMENT AFFIRMED IN PART, REVERSED IN PART; JUDGMENT OF CONVICTION MODIFIED, CASE REMANDED TO DISTRICT COURT.
NOTES
[1] The expert testimony of Dr. Frances Cashner, human anatomy instructor at the University of New Orleans, showed that a person could not touch the interior genital area of a woman (the vagina) through clothing but that one could more easily touch the external genitals, most likely the mons pubisthe front most part of the vulva.
[2] The Work of the Louisiana Legislature for the 1978 Regular Session: Criminal Law, 39 La.L.Rev. 227, 236 (1978).
[3] Act of July 5, 1978 La.Acts No. 239, § 1:

Sexual battery is the intentional engaging in a sexual act with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm. Sexual act, as used in this article means conduct between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth or tongue and the penis, or the mouth or tongue and the vulva.
Reference to specific sexual organs was deleted in the 1981 amendment to the sexual battery statute. Testimony before the House Judiciary Committee indicates that the language was broadened to include touching of the anus or genitals by any part of the body or with any instrumentality to prevent the possibility of skirting a charge of sexual battery on technical grounds for conduct which approximated aggravated rape and forcible rape. Testimony before Louisiana House Committee on the Administration of Justice, May 21, 1981 (H.R. Bill No. 699).
[4] La.Rev.Stat.Ann. § 14:89; § 89.1 (West 1986). Sexual battery and crimes against nature share comparable penalties. (There is a 10 year maximum for sexual battery; a 5 year maximum for crimes against nature; a 15 year maximum for aggravated crimes against nature; and a 15 year maximum for aggravated sexual battery.) The two offenses also share an emphasis on sexual activity involving physical contact with the genitals or anus of either the victim or the offender. Neither impose the further requirement that the offender have the intent to arouse or gratify the sexual desires of either person as does the offense of indecent behavior with a juvenile. La.Rev.Stat.Ann. § 14:81 (West 1986 & Supp.1987). See also La.Rev.Stat.Ann. § 14:81.2 (West 1986).

The act of sexual contact without consent is defined and characterized very differently from state to state. See 3 C. Torcia, Wharton's Criminal Law §§ 298-300 (14th ed. 1980), for a more thorough discussion of the variety of treatment of this offense. The element of intent to arouse or gratify the sexual desires of either the victim or the offender is an essential element of the crime of non-consensual sexual touching in many other jurisdictions, particularly those which have taken the approach adopted in the Model Penal Code. Model Penal Code § 213.4 (1980). See, e.g., Ala.Code § 13A-6-60 (1982); Calif.Penal Code Ann. § 243.4 (West Supp.1987); Colo.Rev.Stat. § 18-3-401 (1986); Conn.Gen.Stat. § 53a-65 (West 1985); Ill.Rev.Stat.Ann. ch. 38, para. 12-12 (Smith-Hurd Supp.1987); Me.Rev.Stat.Ann. tit. 17-A, § 251 (Supp.1987); Mich.Stat.Ann. § 28.788(1) (Callaghan Supp.1987); Minn.Stat.Ann. § 609.341 (West 1987); Mo.Ann.Stat. § 566.010 (Vernon 1979); N.Y.Penal Law § 130.00 (McKinney Supp.1987); Tex.Penal Code Ann. § 21.01 (Vernon Supp.1987); Utah Code Ann. § 76-5-404 (Supp.1977).
Still other states, like Louisiana, do not make the intent to arouse or gratify sexual desire an element of the crime: Ariz.Rev.Stat.Ann. § 13-1401 (Supp.1986); Ark.Stat.Ann. § 41-1801 (Supp.1985); Del.Code Ann. tit. 11, § 761 (Supp.1986); Haw.Rev.Stat. § 707-700 (Supp.1986); N.M.Stat.Ann. § 30-9-12 (1978).
The recent Federal Sexual Abuse Act, 18 U.S.C. § 2241 et seq., expands the element of intent to include the "intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C.S. § 2245 (Law. Co-op.Supp.1987).
[5] At a meeting of the Senate Judiciary Committee on June 20, 1978, Professor Chaney Joseph explained on behalf of the Law Institute that "[t]he term `sexual battery' [was] intended to include those actions previously covered under `crimes against nature,' and this term would no longer be used. This would clearly prohibit such unconsented conduct."
[6] The 1984 amendment to La.R.S. 14:43.1 adds that the offense of sexual battery is committed where the offender "either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender...." Act of July 20, 1984 La.Acts No. 924, § 1.

This amendment became effective some five months after the conduct which resulted in Schenck's conviction. Schenck's conviction under the present statute would be upheld assuming that sexual battery can be committed by touching through clothing, since his victim was fourteen years old at the time of the incident and the element of compelled submission would not be required for conviction.
[7] Louisiana Court of Appeal cases which discuss the crime of sexual battery illustrate further that conviction for sexual battery has not occurred in Louisiana for the type of touching involved in this case. The cases reveal that sexual battery has been reserved for much more violent and intrusive conduct than that exhibited here and generally involve a serious sexual attack on a victim forced to submit to a sexual invasion because of the superior force of the offender.

In State v. Willis, 497 So.2d 39 (La.App. 3d Cir.1986), defendant was charged with attempted forcible rape but pled guilty to the lesser offense of sexual battery. A sentence of eight years at hard labor was found not excessive.
A conviction of two counts of sexual battery committed on a five year old and a seven year old and a sentence of ten years at hard labor was affirmed since the case involved "one of the most serious violations of sexual battery." State v. Dew, 495 So.2d 418, 421 (La.App. 3d Cir.1986).
The defendant in State v. Hernandez, 489 So.2d 1053 (La.App. 1st Cir.1986), was charged with attempted aggravated rape for observed sexual intercourse with a six year old girl. He pled guilty to sexual battery and received the maximum ten year sentence.
In another case, the defendant was indicted for forcible rape and pled guilty to the reduced charge of sexual battery for attempting sexual intercourse with his twelve year old niece. His sentence of five and a half years at hard labor was affirmed on appeal. State v. Johnson, 488 So.2d 1298 (La.App. 5th Cir.1986).
Similar fact situations were presented in all of the other reported appellate court cases which discuss the crime of sexual battery: State v. Feazell, 486 So.2d 327 (La.App. 3d Cir.), writ denied, 491 So.2d 20 (La.1986) (Defendant was convicted of sexual battery for penetration of a seven year old child's sexual organs and received a three year suspended sentence with one year in the parish work release program.); State v. Martin, 475 So.2d 101 (La.App. 2d Cir.1985) (Defendant was found guilty of sexual battery and sentenced to the ten year maximum where he raped his sister at knifepoint while his mother was in the hospital.); State v. Papillion, 467 So.2d 136 (La.App. 3d Cir.1985) (The Court of Appeal remanded the case for entry of a judgment of guilty of sexual battery for defendant's anal intercourse with a thirteen year old boy); State v. Hoyt, 464 So.2d 841 (La.App. 5th Cir.1985) (Defendant was sentenced to four years at hard labor for sexual battery when he admitted having sexual intercourse with the victim.); State v. Thomas, 460 So.2d 1069 (La.App. 2d Cir.1984), writ denied, 464 So.2d 1374 (La.1985) (Defendant was sentenced to six years at hard labor for sexual battery where the sixteen year old victim was abducted and raped at gunpoint.); State v. Casimier, 454 So.2d 1199 (La.App. 4th Cir.1984) (Defendant was found guilty of sexual battery where evidence revealed that he had sexual intercourse with his five year old daughter.); State v. Redman, 449 So.2d 636 (La.App. 1st Cir.), writ denied, 456 So.2d 170 (La.1984) (A conviction of sexual battery was affirmed and the maximum sentence of ten years upheld where the evidence showed that the offender beat the victim, forced her to perform oral sex and then raped her.); State v. Moore, 444 So.2d 253 (La.App. 1st Cir.1983) (Defendant was found guilty of sexual battery and sentenced to nine and a half years at hard labor where the evidence showed that his brother instructed him to have sex with the fourteen year old victim and that he lay on top of her and tried to pull open her legs since the victim testified that at no time did the defendant's brother point the gun at the defendant nor did the defendant refuse to follow his brother's instruction.); State v. Anderson, 440 So.2d 870 (La.App. 2d Cir.1983) (Defendant pled guilty to sexual battery and was sentenced to the maximum ten years at hard labor where the evidence showed the defendant entered the victim's apartment and repeatedly raped her while threatening to kill her and her young child with a gun.); State v. Rainey, 438 So.2d 1328 (La.App. 3d Cir.1983) (Defendant pled guilty to sexual battery and was sentenced to the maximum ten year term where he induced his seventeen year old victim to accompany him to an isolated area on the pretext of test driving a car he had for sale and then raped her and forced her to perform oral sex on him.).
[8] Based on our finding and the reasons therefor, it is unnecessary for us to address the other issue presented: whether sexual battery can be committed by touching through clothing, or whether skin on skin touching is required. Some state statutes specifically exclude touching through clothing as an element of the crime of non-consensual sexual touching. See, Calif.Penal Code Ann. § 243.4 (West Supp.1987); N.M.Stat.Ann. § 30-9-12 (1978). Others specifically include touching through clothing as an element of this offense. See, e.g., Ark.Stat.Ann. § 41-1801 (Supp.1985); Colo.Rev.Stat. § 18-3-401 (1986); Del.Code Ann. tit. 11, § 761 (Supp.1986); Ill.Rev.Stat.Ann. ch. 38, para. 12-12 (Smith-Hurd Supp.1987); Me.Rev.Stat.Ann. tit. 17-A, § 251 (Supp.1987); Mich.Stat.Ann. § 28.788(1) (Callaghan Supp.1987); Minn.Stat.Ann. § 609.341 (West 1987); Mo.Ann.Stat. § 566.010 (Vernon 1979); N.Y.Penal Law § 130.00 (McKinney Supp.1987).

Still others, like Louisiana, make no mention of a distinction between a clothed or unclothed victim. See, e.g., Ala.Code § 13A-6-60 (1982); Conn.Gen.Stat.Ann. § 53a-65 (West 1985); Haw.Rev.Stat. § 707-700 (Supp.1986); Tex.Penal Code Ann. § 21.01 (Vernon Supp.1987); Utah Code Ann. § 76-5-404 (Supp.1977). But for those jurisdictions which have based their statutes on the Model Penal Code, the comment to Model Penal Code § 213.4 explains that while the prohibited sexual contact includes touching through clothing, "liability for sexual misbehavior should not be based on wholly equivocal conduct." Model Penal Code § 213.4, comment & n. 11. (1980). These states add the requirement that the purpose of the sexual touching be to arouse or gratify the sexual desire of either the victim or the offender. This requirement of intent is conspicuously absent from the Louisiana statute. See supra Note 4.
Forcible compulsion adds to the severity of the penalty for such sexual touching in many states. In Michigan, Minnesota, and Utah, the touching of the victim's intimate parts, even if through clothing under circumstances involving forcible compulsion is a fifteen year felony. See, Mich.Stat.Ann. § 28.788(3) (Callaghan Supp.1987) (Criminal Sexual Conduct in the 2d Degree); Minn.Stat.Ann. § 609.343 (West 1987) (Criminal Sexual Conduct in the 2d Degree); Utah Code Ann. § 76-5-404 (1978 & Supp.1987) (Forcible Sexual Abuse). In New York, forcible sexual abuse in the first degree (forcible compulsion of a victim under eleven) is a seven year felony. N.Y.Penal Law § 130.65 (McKinney 1975 & Supp.1986). These states have a variety of degrees of the offense which depend on the severity of the conduct exhibited, the presence or absence and the degree of force involved, the age of the victim, and the physical or mental condition of the victim.
Louisiana cases have, of course, recognized that simple battery can be committed by touching through clothing. State v. Dauzat, 392 So.2d 393 (La.1980); State v. Mitchell, 466 So.2d 514 (La.App. 3d Cir.), writ denied, 467 So.2d 1121 (La.1985). The issue of sexual battery committed through the clothing has not been directly addressed by Louisiana's courts.