PER CURIAM.
In this appeal, the defendant, Charles Swanson, challenges as excessive his 40-year sentence for the offense of attempted aggravated rape. This sentence is affirmed.
The defendant entered into an agreement with the state prior to the filing of a bill of information. The state agreed to charge the defendant with attempted aggravated rape, instead of seeking a grand jury indictment for aggravated rape. The bill of information also charged the defendant with attempted aggravated crime against nature. As part of the agreement, the defendant agreed to plead guilty to attempted aggravated rape with the remaining charge of attempted aggravated crime against nature to be dismissed upon sentencing. Also, five counts of molestation of a juvenile were to be dismissed upon sentencing.
Defendant testified during the Boykin examination that on a Thursday evening he asked his niece if she would come to his room that night. After defendant’s sister and her husband went to bed, defendant’s niece came to his room. He testified that he told his niece to “go on,” but she “just kept coming back.” Defendant testified *1175 that he . just went on ahead and she got in the bed with me, and then I just started feeling on her, and my sister came in there and she caught us.”
At the time of the instant offense, defendant was 17 years old, and his niece was six years old. The pre-sentence investigation report states that defendant admitted to having sexual intercourse with his niece.
The trial court ordered a pre-sentence investigation report, prior to imposing a term of imprisonment of 40 years at hard labor. Defendant appealed, claiming the sentence is unconstitutionally excessive. Because he is a youthful, first felony offender and was raised in an unstable environment, defendant argues that the sentence is out of proportion to the severity of the offense. Defendant, however, admits that the trial court complied with the provisions of LSA-C.Cr.P. Art. 894.1 in imposing sentence.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
In cases where the defendant pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in the imposition of sentence. This is particularly true in cases where significant reduction in potential exposure to imprisonment has been obtained through the plea bargain process and the offense involves violence upon a victim. State v. Landos, 419 So.2d 475 (La.1982); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentence. State v. Smack, 425 So.2d 737 (La.1983).
The trial court, during sentencing, found the defendant to be an 18-year-old, first felony offender with no steady employment record. The trial court noted that it has been indicated that the defendant has expressed no remorse, and stated for the record that the defendant’s lack of remorse poses a great threat to society. As mitigating circumstances, the trial court found that the defendant lacked stability as a child, having been reared by various family members and moved from home to home. Also, the defendant has a limited education, having completed only the 7th grade. However, the trial court found that this was a serious offense against another person and that it cannot be known until later what emotional damage may have been done to the victim. The trial court also noted that the defendant had an extensive juvenile record and that the type of behavior involved in the instant offense had become routine for the defendant. The trial court stated for the record that the defendant has displayed a serious pattern of destructive behavior.
The trial court properly considered the juvenile record of the defendant in determining the sentence imposed. LSA-C. Cr.P. Art. 875; State v. Anderson, 440 So.2d 870 (La.App. 2d Cir.1983); State v. Jack, 448 So.2d 725 (La.App. 5th Cir.1984). The record amplifies the conclusions of the trial court at the sentencing hearing. The juvenile record of the defendant as reported in the pre-sentence investigation supports the trial court’s determination that the defendant has a serious pattern of destructive behavior. The trial court’s conclusion that the type of sexual behavior with juveniles involved in the instant matter had become routine for the defendant is supported by the record. Also, the pre-sen-tence investigation report indicates that defendant committed several serious acts of vandalism and committed some sexually-related crimes as a juvenile. The pre-sen-tence investigation report concludes that *1176 defendant would be an extremely dangerous person if returned to society.
By agreeing to plead guilty to attempted aggravated rape, the defendant limited his exposure to a maximum sentence of 50 years at hard labor. If indicted by a grand jury for the charge of aggravated rape, the defendant faced a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On the dismissed charge of attempted aggravated crime against nature, the defendant faced a maximum term of imprisonment of seven and one-half years at hard labor. The defendant also faced an extensive term of imprisonment if convicted of the five counts of molestation of a juvenile. Considering the consistent pattern of socially unacceptable behavior by the defendant and the leniency provided by the plea bargain process, we do not consider the defendant’s sentence of 40 years at hard labor to be so disproportionate as to shock the sense of justice. The record clearly supports the sentencing choice, in spite of the fact that the defendant is a youthful, first felony offender.
For the reasons assigned, we find the defendant’s assignment of error to be mer-itless and the sentence imposed is affirmed.
AFFIRMED.