CHEHARDY, Chief Judge.
Shun Franklin appeals his sentence of ten years’ imprisonment at hard labor resulting from his conviction of violating LSA-R.S. 14:43.1, sexual battery.
The victim of the crime was a 14-year-old girl, who testified she was approached by the defendant as she was leaving a laundromat in Kenner, Louisiana. The defendant drove up in a blue compact car and asked for directions to Richland Street. She told him it was a few blocks away and he asked her to get in his car and help him find the address he was seeking. The victim accepted the ride because she was heading home and she lived on the block next to Richland.
Instead, the defendant drove to a vacant lot, where he forced the victim to engage in cunnilingus and sexual intercourse. When the victim protested and struggled, he told her, “Chill out,” in a threatening voice and told her to “shut up” and she “would make things worse” if she didn’t just let him “do it.”
The following day the victim, an eighth-grade student, reported the rape to her counselor at school, who called the Kenner police to investigate. As part of the investigation, a few days later police stopped a car, driven by Shun Franklin but owned by his girlfriend, because it corresponded to the victim’s description. It was later shown to the victim, who identified it as the one in which she had been raped. After a photographic lineup, she also identified Shun Franklin as her assailant.
On December 10, 1987, Shun Franklin was charged by bill of information with violation of LSA-R.S. 14:42.1, forcible rape. He was arraigned on January 8, 1988, and entered a plea of not guilty. He was tried before a jury on February 24-26, 1988. At trial the defendant, his girlfriend, his mother, and his brother testified that the defendant was with them at his mother’s house when the crime occurred. The jury returned a verdict of guilty of sexual battery, which is a responsive verdict to a charge of forcible rape.
After the defendant’s motions for post-verdict judgment of acquittal and for new *1309 trial were denied, he was sentenced to serve ten years at hard labor.
On appeal, the defendant asserts the trial court imposed an excessive sentence. He also assigns as error any and all errors patent on the face of the record, although he does not point out any specific patent errors.
ASSIGNMENT OF ERROR NO. 1
The defendant asserts the trial court imposed an excessive sentence.
A sentence is considered excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985), rehearing denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
Although a sentence may be within the statutory limit, it may still be excessive. Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Robicheaux, 412 So.2d 1313 (La.1982).
A reviewing court must first determine whether the record reflects that the trial court considered the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. Next, the reviewing court must consider whether the sentence is too severe given the circumstances of the case and the background of the defendant.
Although he was charged with forcible rape, the defendant was convicted of the lesser offense of sexual battery. His sentence of ten years at hard labor is the maximum for sexual battery, while the maximum for forcible rape is 40 years. The defendant contends the trial court misinterpreted the jury verdict and failed to give adequate consideration to the appellant’s youth as a mitigating factor.
In sentencing the defendant, the judge pointed out that the defendant was before the court for “a most serious crime” and stated he felt “the jury decided to give [the defendant] a break, so to speak, and reduced it from a forcible rape to a sexual battery.” The judge considered each of the sentencing guidelines listed in LSA-C.Cr.P. art. 894.1, and discussed each one.
The judge indicated he recognized the imprisonment of the defendant would entail excessive hardship for his dependents. (The defendant, aged 19 at the time of the trial, already had two children by a former girlfriend and was expecting twins by his current girlfriend). However, the judge felt that to grant the defendant a suspended sentence “after going to trial on a forcible rape and receiving a break from the jury * * * would certainly deprecate the seriousness of the crime.”
He believed the defendant was in need of correctional treatment and “needs to be confined.” He stated the defendant’s conduct “did cause serious harm” and the defendant had to have contemplated the harm that would be caused. He found there was no provocation, no evidence to excuse or justify the defendant’s conduct, no evidence that the victim induced or facilitated the commission of the crime. He stated there is no way for the defendant to compensate the victim for the crime.
He admitted the defendant had led a “substantially law-abiding” life prior to this offense, but he could not say the crime resulted from circumstances unlikely to recur. Nor could the judge find the defendant unlikely to commit another crime and he did not feel the defendant was particularly likely to respond affirmatively to probationary treatment.
The defendant contends the judge’s repeated comments that the jury gave the defendant a “break” in “reducing” the charge of forcible rape to sexual battery indicate the judge was sentencing the defendant as if he had been convicted of the greater rather than the lesser charge.
This issue was addressed by our Supreme Court in State v. Day, 414 So.2d 349 *1310 (La.1982). The court considered the fact that the defendant had been charged with a more serious crime (armed robbery) but had been found guilty of a lesser offense (simple robbery). In explanation, the court stated, “A sentence must be individualized and this entails consideration of the underlying circumstances of the crime. * * * The court could not ignore the underlying circumstances of the crime and still individualize the sentence.” Id., at 351.
See also, State v. Myers, 495 So.2d 411 (La.App. 3 Cir.1986); State v. Hayes, 466 So.2d 767 (La.App. 4 Cir.1985), writ denied, 469 So.2d 982; State v. Jenkins, 456 So.2d 174 (La.App. 2 Cir.1984), writ denied 460 So.2d 1043.
Accordingly, we find the trial court did not err in considering that the defendant was charged with forcible rape and received a “break” when he was convicted of sexual battery.
The defendant also states the judge failed to consider his youth as a mitigating factor. We point out, however, that the judge specifically mentioned the defendant’s age at the beginning of his statement of his reasons for sentencing. Moreover, he noted that the defendant had a prior misdemeanor conviction but stated he would not consider the prior conviction for purposes of this sentencing.
The trial court is given great discretion in imposing sentence within the statutory limits and this court is reluctant to interfere in the absence of abuse of that discretion. State v. Reed, 536 So.2d 783 (La.App. 5 Cir.1988). A review of the sentences imposed by other courts for similar offenses reflects that the maximum ten-year sentence is not apparently severe, despite the defendant’s youth and first-offender status.
See: State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hernandez, 489 So.2d 1053 (La.App. 1 Cir.1986); State v. Martin, 475 So.2d 101 (La.App. 2 Cir.1985); State v. Redman, 449 So.2d 636 (La.App. 1 Cir.1984), writ denied, 456 So.2d 170; State v. Anderson, 440 So.2d 870 (La.App. 2 Cir.1983).
We do not consider the sentence here excessive. As the court noted, the defendant could have been convicted of forcible rape, which carries a maximum penalty of 40 years. He forced a 14-year-old girl to engage in sexual intercourse against her will. She did not facilitate the crime by accepting the ride (see State v. Redman, supra). Further, a sentence for sexual battery does not prohibit parole and, therefore, as a first felony offender the defendant may be eligible for parole after serving one-third of his sentence. LSA-R.S. 14:43.1; 15:574.4.
ASSIGNMENT OF ERROR NO. 2
Also assigned as error are any errors patent on the face of the record.
Our review of the record for patent errors, pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), reflects that the trial court failed to give the defendant credit for time served prior to sentencing, as mandated by LSA-C.Cr.P. art. 880. Accordingly, we shall order the commitment and minute entry amended to correct this omission.
In addition, we note a clerical error on the commitment, in that it states the defendant was convicted of violating R.S. “14:34.1” rather than R.S. 14:43.1. Although this typographical error has no legal effect, we shall order it corrected to prevent any confusion.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed. The matter is remanded to the district court, which is ordered to amend the minute entry and the commitment to give the defendant credit for time served, in accordance with C.Cr.P. art. 880. Further, the district court is ordered to correct the commitment to show the proper number of the statute under which the defendant was convicted.
AFFIRMED; REMANDED WITH ORDER.