**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————

No. 00-31180
Summary Calendar

————

ROBERT NAMER,

Plaintiff-Appellee,

versus

JOHN O. GENTREY ET AL.,

Defendants,

JOHN O. GENTREY; BRUCE PILLEY; SHAWN KELLY,

Defendants-Appellants.

————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-861-A

————

August 2, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

John O. Gentrey, Bruce Pilley, Shawn Kelly (the defendants) appeal the district court's order denying their motion for summary judgment based on qualified immunity. Because Plaintiff Robert Namer has failed to demonstrate a violation of clearly established law concerning his Fourth Amendment search-and-arrest claim, we vacate that portion of the district court's judgment and remand for entry of judgment for Gentrey, Pilley, and Kelly on qualified immunity grounds on the search and arrest claim. We affirm the judgment of the district court on the denial of summary judgment on the excessive-force claim.

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Namer argues that we lack jurisdiction because the district court's interlocutory order essentially presents a sufficiency issue. The defendants contend that appellate jurisdiction exists to determine the merits of the appeal. We have jurisdiction to determine as a matter of law whether the defendants are entitled to qualified immunity by determining whether the material facts, as alleged by Namer and assumed as true, show that the defendant's conduct was objectively reasonable under clearly established law. Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98-99 (5th Cir. 1997). In such circumstances, the appellate court "'undertake[s] a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed.'" Behrens, 516 U.S. at 312 (quoting Johnson v. Jones, 515 U.S. 304, 319 (1995)).

The defendants argue that Namer did not allege a violation of the Fourth Amendment. They assert that the fact-intensive nature of a reasonable-suspicion or probable-cause inquiry necessarily results in the successful assertion of qualified immunity because the law cannot be clearly established under preexisting case law as to these precise circumstances. Even assuming that Namer alleged a Fourth Amendment violation from the search and subsequent arrest, the defendants assert that their actions were objectively reasonable. Namer argues that the defendants had no reason to search him because he had not threatened anyone that day in the Capital Building and because there was no indication that he was about to perpetrate a crime. He also argues that the defendants lacked probable cause to arrest him.

"Qualified immunity protects government officials 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" Wren v. Towe, 130 F.3d 1154, 1159 (5th Cir. 1997). In considering the qualified immunity inquiry, we must determine whether Namer has alleged facts that would give rise to the violation of a constitutional right and whether the constitutional right was clearly established at the time the defendants acted. See Saucier v. Katz, 121 S.Ct. 2151, 2155 (2001) (rejecting the Ninth Circuit's approach to analyzing qualified immunity for an excessive force claim whereby the analyses for the qualified immunity inquiry and

2

the merits of the excessive force claim are identical, since both concern the objective reasonableness of the officer's conduct in light of the circumstances he faced, and requiring that the "clearly established" inquiry be considered on a more specific and particularized level).

Namer does not dispute that it is illegal to carry a firearm in the State Capital Building. He placed his firearm in his car trunk before driving to Baton Rouge but continued to wear the ankle holster. Although Gentrey heard Namer answer the legislative committee that he was not carrying a firearm, Gentrey's observation of Namer's wearing of an ankle holster was sufficient to establish reasonable suspicion warranting a stop and frisk of Namer's person. See Terry v. Ohio, 392 U.S. 1, 27 (1968); Wren, 130 F.3d at 1158-59; see also Mouille v. City of Live Oak, Tex., 977 F.2d 924, 928 (5th Cir. 1992) ("police officers are free to exercise their discretion as long as they do not trample over clearly established legal rights").

"Probable cause exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe an offense has been committed." Bigford v. Taylor, 834 F.2d 1213, 1218 (5th Cir. 1988) (internal quotation and footnote omitted). Even if Pilley kicked, instead of merely touched, Namer's left ankle as Pilley attempted to ascertain if there was gun in the ankle holster, the videotape evidence clearly shows that Namer's response to Pilley's action included Namer's hands coming in contact with Pilley's shirt. Based on Namer's actions, the officers reasonably could believe that they had probable cause to arrest Namer for simple battery. See LA. REV. STAT. ANN. § 14:33 (West 1997); State v. Schenck, 513 So. 2d 1159, 1165 (La. 1987).

The defendants' arrest of Namer was objectively reasonable. See Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001). The district court erred in failing to grant summary judgment to Gentrey, Pilley, and Kelly on this claim.

The district court did not err in denying summary judgment on Namer's Fourth Amendment excessive-force claim. The defendants challenge the severity of Namer's injuries, arguing that he did

not demonstrate a clearly established constitutional right to be free from the excessive use of force resulting in de minimis harm or psychological harm only.

An excessive-force claim is analyzed under the Fourth Amendment and requires the plaintiff to prove an injury resulting "from the use of force that was clearly excessive to the need[,] and the excessiveness of which was . . . objectively unreasonable." Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996) (footnote and citation omitted). To meet the injury element, "[t]he injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." Glenn, 242 F.3d at 314.

Namer testified through deposition that one of the three defendants kneed him in the back immediately after the search of Namer's person, the three defendants hit and roughed him up while Namer was handcuffed in the building's elevator, in the private room, in the guard shack, and incident to the high-speed transport to the parish prison. Namer also testified that he sustained the following physical injuries: acute cervical strain, abrasions to his wrists and lower arms, a contusion on his head, and bruises on his back, sides, and his thigh. The summary-judgment evidence viewed in favor of Namer indicates that the alleged injuries, in the context in which they were incurred, are more than de minimis and thus sufficient to support an excessive-force violation. Williams v. Bramer, 180 F.3d 699, 704 (5th Cir. 1999); Ikerd, 101 F.3d at 435.

The defendants argue that Namer has not alleged a Fourteenth Amendment violation premised on the denial of medical care because the defendants' actions did not amount to deliberate indifference to a serious medical need. The district court did not view Namer's complaint as raising such a claim, and our review of Namer's initial complaint, his amended complaint, and the joint status report does not reveal a denial-of-medical-care claim. The record does not reveal a motion by Namer seeking leave to amend his complaint for a second time. Because Namer has not properly raised a medical-care claim in the district court, we do not consider the matter on this interlocutory appeal.

4

We VACATE the district court's denial of qualified immunity to Gentrey, Pilley, and Kelly on the search-and-arrest claim. We AFFIRM the district court's ruling on the excessive-force claim, and REMAND for further proceedings consistent herewith.

VACATED and REMANDED in part; AFFIRMED in part.