467 So.2d 136 (1985)
STATE of Louisiana, Appellee,
v.
Joseph Ray PAPILLION, Appellant.
No. CR 84-411.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*137 Joshua Pitre, Opelousas, for appellant.
Morgan J. Goudeau, III, Donald J. Richard, Asst. Dist. Attys., Opelousas, for appellee.
Before FORET, STOKER and KNOLL, JJ.
FORET, Judge.
Defendant, Joseph Ray Papillion, was indicted for the crime of aggravated rape, in violation of LSA-R.S. 14:42. The defendant was tried before a twelve-person jury on September 14, 1983, and found guilty of forcible rape. A competency hearing was held concurrent with the sentencing hearing. The defendant was found competent and sentenced to serve twenty years at hard labor. Defendant now appeals on the basis of the two following assignments of error:
(1) The trial court erred in that there was insufficient evidence upon which the jury could convict the defendant for the crime of forcible rape; and,

[*](2) The trial court erred in denying defendant's motion to post-conviction relief.
We reverse and set aside the defendant's conviction and sentence and remand with instructions to enter a conviction of guilty of sexual battery and to sentence the defendant accordingly.

FACTS
Just before closing on the evening of January 26, 1983, at the Opelousas City Court, Emmit Fontenot alleged that he and the defendant went into a closet in the courtroom, where the defendant had forced anal intercourse with him. Their entry into the closet was supposedly under the pretext of cleaning. Once in the closet, the defendant decided to measure Fontenot for overalls. The defendant then left the closet in order to retrieve an electric cord to make the measurement.
Emmit Fontenot testified that when defendant returned to the closet, he (defendant) took a measurement with the cord. The defendant then informed Fontenot that it "wasn't right" and that he should remove his pants for a more accurate measurement. After a second measurement, the defendant repeated the request in regard to Fontenot's underwear. The alleged victim then removed his underwear for a third measurement. According to Fontenot, the defendant then requested that he lay on the floor for a length measurement. Once the alleged victim was on the floor, the defendant removed his pants and proceeded to have anal intercourse.
Emmit Fontenot testified that he became suspicious when he saw the defendant unbuckle his pants. He stated further that he "was going to try and get up, and then he (the defendant) hurried up and got on top of me, there was nothing I could do". His statement seems to imply that he actually did nothing, but thought about resisting. Fontenot testified that he knew other people were in the building, including two children in the courtroom itself, but had *138 not hollered because he felt nobody would hear the call.
Jessie Bellard testified that after Fontenot left the closet, they cleaned the prisoner's room in the City Court. While cleaning that room, Fontenot told Bellard that "Papillion had just screwed him".
After the two boys finished cleaning the room, they reported to the defendant. Both Emmit Fontenot and Jessie Bellard sat with the defendant near the front entrance, where two statements were made by the defendant. The first was a story about a criminal who "hunted down" a squealer. Second, the defendant told Fontenot that "if this goes on like this everyday, ya'll will be able to go everyday early".
The two boys then walked to the Bellard residence, where they began to watch television. When Jessie Bellard told his brother of the incident between Fontenot and the defendant, his brother called Mrs. Fontenot. Once Fontenot's parents became involved, a complaint quickly followed.
The defendant testified that he never even entered the closet. He also denied all of the other statements that linked him to such an act.

ASSIGNMENT OF ERROR NO. 1
The only assignment of error argued by defendant relates to the sufficiency of evidence introduced by the State.
The defendant was convicted under LSA-R.S. 14:42.1 with the crime of forcible rape. This statute defines forcible rape as follows:
"§ 42.1. Forcible rape
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape."
Accordingly, to prove a charge of forcible rape, the State has the burden of proving that (1) anal or vaginal intercourse occurred; (2) the alleged victim was not the spouse of the defendant; (3) the victim did not lawfully consent to the act; and, (4) the victim's resistance was prevented by force or threats of physical violence under circumstances where the victim reasonably believed that resistance would not prevent the rape.
Evidence is sufficient to support a conviction when any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found, beyond a reasonable doubt, the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State Ex Rel. Graffagnino v. King, 436 So.2d 559 (La.1983). The respective credibilities of the witnesses are to be weighed by the fact-finder and appellate courts will not second-guess the factfinder's credibility determinations beyond a sufficiency evaluation under the Jackson standard of review. Graffagnino, supra.
After a careful review of the record, we must conclude that the State did not meet its burden of proving, beyond a reasonable doubt, the elements of lack of consent and force necessary to find the offense of forcible rape.
Admittedly, Fontenot was only thirteen years old at the time of the incident, and the pretense of measuring for coveralls may have led a reasonable person to loosen his pants and fold them down for a more accurate measurement, but he removed his pants at least to his knees. Fontenot then, upon request, removed his underwear and laid down for a length measurement without attempting to pull his clothing back up. He testified that defendant then got on top of him before he could resist and had him open up his legs in order to gain entry. Fontenot apparently understood what was going on as indicated by his telling Bellard, after the incident, that the defendant had "screwed" him. Afterwards, Fontenot failed to take any steps toward accusing the defendant of rape and was content to just watch television at his friend's house. In fact, it wasn't until Bellard told his *139 brother, who in turn told Mrs. Fontenot, that a complaint was made.
Fontenot testified that the defendant did not threaten him with bodily harm and that his only resistance of the act was trying to get up as the defendant got on top of him, but couldn't. Fontenot did not yell out, though he knew that his friend, Jessie Bellard, was in the hallway just outside the closet door. The only force apparently involved was the force used in the performance of the act itself. The only physical restraint apparent was a door locked from the inside, as accessible to Fontenot as to the defendant.
We do not believe that the size and age of the defendant and the nature of the act alone are sufficient to meet the element of force required in the act of forcible rape. Something more should have been evident. See State v. Powell, 438 So.2d 1306 (La. App. 3 Cir.1983), writ denied, 443 So.2d 585 (La.1983); In Interest of Thomas, 395 So.2d 912 (La.App. 2 Cir.1981), writ refused, 399 So.2d 608 (La.1981).
Even though we have concluded that the State failed to prove, beyond a reasonable doubt, two elements of the crime of forcible rape, the defendant is not entitled to be discharged or receive a new trial on this matter. State v. Parish, 405 So.2d 1080 (La.1981) (on rehearing); State v. Alexander, 437 So.2d 991 (La.App. 3 Cir.1983). Also, see State v. Byrd, 385 So.2d 248 (La.1980), and LSA-R.S. 14:5. Sexual battery, a lesser included offense, which does not require the same degree of force and involves no element of consent if the victim is under fifteen years of age and is at least three years younger than the offender, was necessarily found by the jury[1].
Accordingly, the defendant's conviction of forcible rape and sentence are set aside, and the matter is remanded to the trial court with instructions that a judgment of guilty of sexual battery be entered and the defendant sentenced accordingly.
CONVICTION AND SENTENCE SET ASIDE AND REMANDED.
NOTES
[*] Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3 Cir.1983).
[1] "§ 43.1. Sexual battery

A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.
C. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years."