BECKER, Judge.
A petition was filed against C.W., a juvenile, charging him with sexual battery, a violation of LSA-R.S. 14:43.1. After an adjudicatory hearing, the court found the defendant did commit a sexual battery and ajudged him a delinquent. He was committed to two years in the custody of the Director of Department of Corrections, the sentence was suspended and he was placed on probation until his eighteenth birthday, subject to certain conditions of probation. The defendant appeals that finding relying on three assignments of error:
(1) The trial court erred in admitting hearsay evidence.
(2) The court erred in ruling that consent is not a defense to sexual battery.
(3) The state failed to prove all elements of the offense beyond a reasonable doubt and failed to prove that the juvenile was a delinquent.
FACTS
The victim is a twelve year old, hearing and sight impaired female. The defendant is three years and one month older than the victim. On May 30,1988 the victim left her home at approximately 10:00 a.m. and went to a park in the neighborhood. She then left the park and went to her young friends home, adjacent to the park, where she encountered the defendant. Although the evidence is in conflict as to how the defendant and the victim met, it is abundantly clear they both ended up in a shed in the rear of the defendant’s home where they both voluntarily removed their lower clothing, sexually explored each other and the defendant penetrated the victim’s vagina with his finger, ejaculating at the same time. Fearing they would be discovered by the defendant’s brother they both dressed and left the shed. The victim wandered in the neighborhood awhile and then returned to her home where she immediately prepared a bath to wash the semen from her body. Her mother sensing something was wrong, as it was uncommon for the child to bathe without being prompted to do so, questioned her, and was told what had happened. The police were immediately notified and they investigated the incident. Dr. James Touchey examined the victim at Charity Hospital at approximately 6:00 p.m. that evening and observed a small hemato-ma, no more than four to six hours old, in the vicinity of the hymen, which could have been caused by the insertion of a finger, of a penis or some other like object. When Officer Sherman DeFillo received the report from Charity Hospital that the victim had been penetrated, he arrested the defendant. In the presence of his mother and after having been advised of his constitutional rights, C.W. admitted that he and the victim had removed their clothing and the victim had “rubbed up against him”.
ASSIGNMENT OF ERROR NUMBER 1
The defense contends it was error for the court to allow into evidence the testimony of the victim’s mother as to what the victim told her.
These courts have long held that first reports of rape victim’s to third parties are admissible in trial under the res gestae exception to the hearsay rule. LSA-R.S. 15:447, 15:448; State v. Elzie, 351 So.2d 1174 (La.1977) State v. Prestridge, 399 So. 2d 564 (La.1981). These courts have also recognized that in the prosecution of sex offences, the better rule is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that the complaint was a product of a shocking episode and not a fabrication. State v. Prestridge, supra, State v. Adams, 394 So.2d 1204 (La.1981) State v. Noble, 342 So.2d 170 (La.1977). In State v. Noble, supra, the four year old victim made statements identifying her perpetrator to her grandmother some two days after the occurrence. The statements were ruled admissible because the circumstances indicated that the statements were made at the first opportunity the child had to speak to a close family member. Likewise the statement of a child rape victim that “daddy did it” made some eight to ten hours after the offense, was *421 found admissible since the circumstances reflected that the victim’s response was merely a truthful answer to an adult’s concerned inquiry. State v. Adams, supra. In the instant case, the response of the victim, a hearing and sight impaired twelve year old, was made one to two hours after the episode, when her mother became suspicious and questioned her. The questions resulted in a spontaneous reaction which related to the circumstances of the occasion and was therefore properly admitted. State v. Taplette, 519 So.2d 854 (La.App. 4th Cir.1988).
We therefore find this assignment to be without merit.
ASSIGNMENT OF ERROR NUMBER 2
In this assignment of error it is alleged that the trial court erred in finding that consent is not a defense to a sexual battery.
“Sexual battery is the intentionally engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) the touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
(B) Lack of knowledge of the victims age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this section. R.S. 14:43.1 (emphasis added).
The state proceeded to trial under the theory that the victim had not attained fifteen years of age, the victim being twelve years and six months old, and was at least three years younger than the offender, the defendant having been born on November 19, 1972. The ages of the parties were not contested and the record bares ample proof thereof. The only other essential element of sexual battery is that there was an intentional touching of the anus or genitals of the victim by the offender, (or touching of the anus or genitals of the offender by the victim) using any instrumentality or any part of the body. The victim testified the defendant placed his finger in her vagina. The defendant testified that after removing their clothes she rubbed up against him. The emergency room physician corroborated the victim’s testimony by relating the discovery, upon his examination, of a hematoma next to the hymen which was caused by the insertion of an object into the vagina, such as a finger. There could be no doubt that this sexual encounter was with consent of both parties. However, defense counsel misapplies State v. Schenck, 513 So.2d 1159 (La.1987) where the Louisiana Supreme Court interpreted the sexual battery statute, as written in 1981, to include the compulsion to submit. This statute was amended in 1984 to add an option of proving the three year age difference in lieu of compulsion. (1984 La.Acts. 924). If the State proves the victim is less than fifteen years of age and the offender at least three years older, as it has in this instance, threats or compulsion no longer become an element and as such, consent is no longer a defense to sexual battery. State v. Papillion, 467 So.2d 136 (La.App. 3rd Cir.1985); State v. Henry, 439 So.2d 1242 (La.App. 5th 1983), Affirmed, 449 So.2d 486.
This assignment is also without merit.
ASSIGNMENT OF ERROR NUMBER 3
It is alleged that the court erred in finding the juvenile C.W. delinquent in that the state failed to prove that the juvenile had committed a crime and was in need of supervision. State in re Batiste, 367 So.2d 784 (La.1979).
Prior to 1979, before a Juvenile Court could declare a child to be delinquent it must have found that the child committed a crime and that the child was in need of care or rehabilitation. However, by Act. *422 172 of 1978, effective Jan. 1, 1979, the Louisiana Legislature repealed that portion of LSA-R.S. 13:1569 (Section’s 13 to 15). Now, a delinquent child is defined as a child who has committed a delinquent act. La.C.J.P. Art. 13(12). A delinquent act is
... an act committed by a person less than seventeen years of age, and designated as an offense under the statutes or ordinances of this state, or of another state if the act occurred in another state, or under federal law. La. C.J.P. Art. 13(7).
As previously discussed in our denial of assignment of error number 2, the state proved beyond a reasonable doubt that there was a sexual battery committed by the juvenile C.W. Since sexual battery is an offense designated by a statute of the State of Louisiana (LSA-R.S. 14:43.1), he committed a delinquent act and is therefore a delinquent child. We find this assignment of error also to be without merit.
We have further reviewed the entire record for errors patent and finding none, we affirm the trial court’s judgment and sentence.
AFFIRMED.