615 So.2d 23 (1993)
STATE of Louisiana
v.
Wilfred John BOUTON.
No. CR92-711.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*24 Michael Harson, for plaintiff-appellee.
G. Paul Marx, for defendant-appellant.
Before STOKER, THIBODEAUX, and COOKS, JJ.
STOKER, Judge.
Defendant, Wilfred John Bouton, was convicted by a jury of two counts of sexual battery under LSA-R.S. 14:43.1. On September 21, 1990, defendant was sentenced to five years at hard labor on each count, the sentences to run concurrently.
Defendant appeals his convictions and sentences, contending the State failed to prove specific intent to commit a sexual battery, the trial judge erred in excluding testimony as to what the child protection counselor told them prior to their testifying, and the trial judge erred in imposing an excessive sentence. We affirm.

FACTS
On November 11, 1989, the defendant, the victims, their parents and others gathered for a fish fry and bonfire. This gathering took place at the residence of Becky Mathis, with whom defendant was residing at the time of the offenses. Through the course of the evening, alcoholic drinks were imbibed by the adults while the children played close by. Among these children were the victims, Lacy Landry, age nine and Dawn Navarre, age eleven. At the conclusion of the party, the parents of the victims agreed to allow Lacy and Dawn to sleep over because Mrs. Mathis has a daughter of similar age, named Tracy. This was not the first time that the victims spent the night there.
The three girls went to sleep in a bedroom in the house. The lights were off and all three were lying in the same bed talking when the defendant, who was thirty-six years old at the time, entered the room. At first he just stood and chatted with the girls. However, at some point he got in bed with them and pushed the covers off the girls. According to Dawn, the defendant then "put his hand between my legs", touching her vagina. She then pulled the covers back on her; defendant again pulled them off and touched her vagina. She testified that she was wearing underpants and a T-shirt. Dawn further testified that she noticed the defendant near Lacy, and that Lacy was moving and twisting around a lot. Afterward, she was told by the defendant not to tell Mrs. Mathis that they were all up so late.
The second victim, Lacy Landry, testified to very similar facts as Dawn. She alleged that the defendant came into the room, lay in bed with them and touched her on her breasts and vagina. Lacy also testified that she was wearing underpants and a T-shirt. She further stated that she also saw the defendant touch Dawn on her breasts and vagina. Neither victim testified that defendant put his hand under their clothing; apparently the touching was done through their clothing.
The third girl who was present in bed during these offenses was Tracy Mathis, the daughter of the defendant's girlfriend. She stated that, when the defendant was lying in bed with all of them, Dawn kept elbowing her. However, Tracy stated that the defendant never touched her that night *25 nor did she see him touch either of the other girls.
In contrast to these allegations, defendant alleged he simply went into the room to talk and cut up with the girls. He admits removing their covers, but only for the purpose of changing the blanket because there was grass on it as a result of the girls sitting outside. He further testified he may have inadvertently touched them while he changed this blanket. Only Lacy remembers him changing their blanket.

OPINION

Sexual Battery
Defendant argues that the State failed to prove the element of intent and, therefore, failed to prove that a sexual battery took place. Specifically, defendant points out that, under the facts alleged by the victims, there was no direct contact between his hand and their genitalia; rather, his hand touched their underwear and T-shirts. Also, defendant argues that, as alleged by the victims, the touching lasted only for a few seconds and did not involve force.
The crime of sexual battery, as written at the time of the offense, the version contained in LSA-R.S. 14:43.1 (as amended and reenacted by Acts 1984, No. 924) read as follows:
§ 43.1. Sexual battery
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.
C. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years.
Acts 1978, No. 239, § 1. Amended by Acts 1981, No. 624, § 1, eff. July 20, 1981; Acts 1984, No. 924, § 1.
Defendant relies on State v. Schenck, 513 So.2d 1159 (La.1987), where the supreme court interpreted the sexual battery statute, as written in 1981, to include compulsion to submit. This statute was amended in 1984 to add an option of proving a three year age difference and that the victim is less than fifteen years of age, in lieu of compulsion. State in the Interest of C.W., 541 So.2d 419 (La.App. 4th Cir.1989). Also, State in the Interest of J.L., Jr., 592 So.2d 435 (La.App. 5th Cir. 1991), writ denied, 597 So.2d 1031 (La. 1992); State v. Papillion, 467 So.2d 136 (La.App. 3d Cir.1985). Therefore, the State did not need to show force or compulsion to prove sexual battery in this case, since the victims were under fifteen years old and defendant was thirty-six years old.
Next, we find that the element of intent to commit a sexual battery was proven by the victims' testimony. The jury obviously believed the victims' testimony instead of the defendant's. The victims' testimony as to the touching of their genitalia, when viewed in the light most favorable to the prosecution, established intent. See State in the Interest of J.L., Jr., supra. Also State v. Ragas, 607 So.2d 967 (La. App. 4th Cir.1992).
Finally, defendant argues that, as alleged by the victims, the victims were clothed when he touched them; therefore, there was no skin on skin touching. We hold that skin on skin contact is not necessary for a sexual battery. A sexual battery can be committed by touching through *26 clothing. LSA-R.S. 14:34.1 makes no distinction between a clothed or unclothed victim. See State v. Schenck, supra at 1164, n. 8. Moreover, it specifically includes the touching of the genitals of the victim by the offender using any instrumentality. We find that clothing constitutes an instrumentality with which to touch the victim's genitals. Therefore, the fact that defendant touched the victims through their clothes is not a defense to the crime of sexual battery.

EXCLUDED TESTIMONY
Next, defendant argues that the trial judge erred in sustaining the State's hearsay objection to testimony by Tracy Mathis as to what the counselor, Glenda Gray, told her. Defendant sought to establish that the counselor had influenced Tracy's testimony. We need not decide whether an error was made since defendant subsequently called Glenda Gray to testify to what she told Tracy Mathis. We note, also, that Tracy did not testify against defendant. Therefore, no prejudice arose from the exclusion. The issue is moot.

SENTENCE
Finally, defendant contends his sentence is excessive. He argues that it was not a violent crime and that he is a first felony offender. Defendant was exposed to a sentencing range of up to twenty years at hard labor for both counts. Plaintiff received a total sentence of five years at hard labor. The sentence is well within the lower end of the sentencing range. We note, also, that, as a first felony offender, defendant is eligible for parole after serving one-third of his sentence. LSA-R.S. 15:574.4.
Finally, defendant argues that the trial judge failed to adequately consider the sentencing factors set forth in LSA-C.Cr.P. art. 894.1. The trial judge considered the presentence investigation report, defendant's letters of recommendation, the risk of defendant committing another crime if placed on probation, and the need for defendant to receive correctional treatment in a custodial environment. He also listened to defense counsel's presentation of the mitigating factors. We find that the trial judge adequately complied with LSA-C.Cr.P. art. 894.1.
Defendant's sentences are not clearly excessive.

DISPOSITION
For the reasons given, defendant's convictions and sentences are affirmed.
AFFIRMED.