| | | |
|---|---|---|
| **MONICA TINOCO** | * | **NO. 2023-CA-0051** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ALLAN TINOCO** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-03777, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins,
Judge Rachael D. Johnson)

**JOHNSON, J., CONCURS IN THE RESULT**
**JENKINS, J., DISSENTS WITH REASONS**

Scott Jerome Spivey
SCOTT J SPIVEY, APLC
412 Dauphine Street
Suite 4B
New Orleans, LA 70112


      COUNSEL FOR PLAINTIFF/APPELLEE


Leonard L. Levenson
Donna R. Barrios
Christian W. Helmke
Colleen Boyle Gannon
LEONARD L. LEVENSON & ASSOCIATES
650 Poydras Street
Suite 2750
New Orleans, LA 70130


      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**EXCEPTION OF PRESCRIPTION DENIED**
**DATE: October 24, 2023**

Defendant-Appellant, Allan Tinoco (AT), seeks review of the trial court's February 23, 2022 judgment granting past and future medical costs, as well as, pain and suffering damages for Plaintiff-Appellee, Monica Tinoco (MT). Given that the trial court's judgment is not manifestly erroneous: we affirm. Furthermore, the Appellant's Exception of Prescription is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from an alleged sexual abuse of MT at the hands of her father, AT. The petition alleges that AT sexually abused MT between the ages of roughly five to ten years old. The abuse was described as "over the clothes" touching of MT's pelvic area and buttocks, while MT was living with AT during her childhood.

The lawsuit was filed in April of 2014, one month before the ten-year statutory period would have expired as a result of MT reaching the age of majority. The two main contentions of the appeal are that (1) the alleged "abuse" was touching over the clothes and the statute[1] at the time did not prohibit that specific

_____

[1] La. R.S. 14:43.1

1

action and (2) the prescriptive period used by MT is incorrect since the alleged actions did not constitute "abuse" under Louisiana Children's code art. 603(1).

After hearing testimony from both parties' witnesses, the trial court found for MT based on the court's credibility determination of her witnesses and the evidence that was offered to the court. In its judgment, the trial court awarded MT $150,000 for a combination of past medical expenses, future medical expenses, and mental anguish. The final judgment was entered on February 23, 2022 and a motion for new trial was timely filed on March 8, 2022. The motion for new trial was denied on October 26, 2022. This appeal followed. AT filed an exception of prescription arguing that the prescriptive period should fall under La. R.S. 34:96.1 instead of La. R.S. 9:2800.9. After hearing arguments from both sides, we deny the exception for reasons in this opinion.

**STANDARD OF REVIEW**

"Generally, an appellate court may not set aside a trial court's or jury's finding of fact in absence of manifest error or unless it is clearly wrong." *Laboriel-Pitio v. Latiker*, 2020-0669, p. 8 (La. App. 4 Cir. 6/16/21), 323 So. 3d 929, 935. When "there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though an appellate court may feel that its own evaluations and inferences are as reasonable." *Id*. (citing *Brown v. Unkown Driver,* 2005-0421, p. 3 (La. App. 4 Cir. 1/18/06), 925 So. 2d 583, 586.

This standard of review can shift when the court applies incorrect principles of law. When legal error impedes the fact finding process "the manifest error standard of review is no longer applicable, and, if the record is otherwise complete, the appellate court should make an independent de novo review of the record and

determine which party should prevail by a preponderance of evidence." *Chambers v. Village of Moreauville*, 11-0898, p. 4, 85 So.3d at 597. "There is a legal error when a trial court applies incorrect principles of law and these errors are prejudicial." *Chambers*, 2020-669, p. 8-9, 323 So. 3d at 935. Legal errors are deemed to be prejudicial "when they deprive a party of substantial rights and materially affect the outcome." *Id*.

## **DISCUSSION**

Appellant asserts nine assignments of error, which we have divided into four categories: 1) the trial court did not properly determine liability based on the finding of facts; 2) the Appellee did not meet her burden of proof based on the statutory language at the time of the alleged abuse; 3) the trial court abused its discretion in awarding the Appellee monetary damages and setting an unreasonable time for future psychotherapy sessions; and 4) the trial court committed manifest error by giving credibility to the Appellee's witnesses.

First, Appellant argues that the trial court erred when it ruled that Appellee had proven liability. The Appellant contends that in order for the trial court to have found for the Appellee without issuing a findings of fact then the court must have applied incorrect principles of law. Normally, an appellate court may not set aside a trial court or jury's findings of fact unless it is clearly wrong or there is manifest error. If one of those exist, then the standard of review shifts and if the record is otherwise complete, the appellate court has the discretion to make an independent de novo review of the record to determine which party should prevail. See *Laboriel-Pitio*, 2020-0669, p. 8, 323 So. 3d at 935.

In the trial court's reasons for judgment, the court states,

3

the role of this court is to review the testimony and evidence presented at trial, make the necessary credibility determinations, and award an amount that it finds appropriate in light of the circumstances of the case before it. After a careful review of the testimony elicited at trial, the respective credibility determinations of same, the exhibits entered into evidence, and the vast discretion granted to it by Louisiana Civil code art. 2324.1 and the jurisprudence interpreting same, this court finds a reasonable amount of general damages to be awarded for mental anguish and emotion distress under the particular circumstances of this case is $117,500.00

The trial court entered its decision weighing the credibility of every piece of information, testimony, and evidence. While there is no mention in the reasons for judgment of the principles of law used, throughout the trial, the court repeatedly used La. R.S. 14:43 as its basis.[2] The Appellant disagrees with the trial court's interpretation of the statute based on the lack of certain verbiage that existed in the statute at the time of the alleged offense. In the review of the present case, we find that the trial court incorrectly applied the principles of law. Therefore, the burden shifting language of *Laboriel-Pitio* does not apply.

Second, Appellant contends that the Appellee did not meet her burden of proof on the issue of abuse based on the statutory language in effect at the time of the alleged abuse. The Appellant contends that in the mid-1990's, when the abuse allegedly occurred, the Louisiana Children's Code article 603 did not define "over the clothes" touching as "abuse". Therefore that form of contact with a minor did not constitute "abuse" at that time.[3] In 2015, the statute was amended to prohibit

---

[2] The interpretation of La. R.S. 14:43 is another point of contention for the Appellant that will be discussed in the next section of assignments of error.

[3] Louisiana Children's Code Article 603 at the time of the abuse stated:
> As used in this Title:
> (1) "Abuse" means any one of the following acts which seriously endanger the physical, mental, or emotional health and safety of the child:
> (a) The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.
> (b) The exploitation or overwork of a child by a parent or any other person.

touching of the genitals over the victim's clothing, but there is no language making the new language retroactive.[4]

Although touching genitals or buttocks "over the clothes" was not defined as "abuse" in the statute, case law in Louisiana interprets "over the clothes" touching as abuse.

In *State v. Bouton*, 615 So.2d 23 (La. App. 3 Cir. 03/03/1993), a case with similar facts, a parent touched two children in their genital region over the clothes[5]. The Third Circuit held "[w]e find that clothing constitutes an instrumentality with which to touch the victim's genitals. Therefore, the fact that defendant touched the victims through their clothes is not a defense to the crime of sexual battery." *Id*. at 26. The *Bouton* court's ruling, twenty-three years before the statute was changed, demonstrates that touching through the clothes of specific areas of the body would

---

(c) The involvement of the child in any sexual act with a parent or any other person, or the aiding or toleration by the parent or the caretaker of the child's sexual involvement with any other person or of the child's involvement in pornographic displays, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.

[4] The current version of La. R.S. 43.1 states in part:
Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing.
The Previous language of La. R.S. 14:43.1 stated
"Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genital of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim."

[5] *Bouton* pertained to a thirty-six year old man who sexually abused two girls, ages nine and eleven, during a sleepover. In the girls' testimony, they specifically stated that all the touching of their genital and chest areas happened "over the clothes". *Id*. at 24

5

constitute sexual assault. Therefore, Appellant's defense based on the amendment of La. R.S. 14:43 is without merit.

Third, Appellant contends that the monetary award given to the Appellee regarding past and future medical expenses to seek psychotherapy was excessive and not backed by any evidence. In MT's original claim, she asked to be awarded compensation for forty-eight years of weekly future psychotherapy sessions.[6] The Appellant contends that this order was excessive due to the testimony that MT went to psychotherapy for a multitude of reasons, not just due to the mental anguish she felt due to the alleged abuse she faced as a child.[7] When the court ruled in favor of MT, it limited the future psychotherapy sessions to only thirty years and to the sessions being once a month based on her previous propensity of attending psychotherapy sessions from 2017 to 2021.[8]

In its reasons for judgment, the trial court turned to a former Fourth Circuit opinion *Doe v. Roman Catholic Church for Archdiocese of New Orleans*, 615 So. 2d 410 (La. App. 4 Cir. 1993) to explain how the Court came to their decision regarding general damages.[9] The trial court relies on how the jury reached its conclusion in awarding damages to the plaintiff. In *Doe*,

> Under the rule established by the Louisiana Supreme Court for appellate review of damage awards set by trial courts, a "reviewing court must look first, not to prior awards, but to the individual circumstances of the present case." *Reck v. Stevens*, 373 So.2d 498, 501 (La.1979). A damage award may not be disturbed in the absence of an abuse of discretion. *Bitoun v. Landry*, 302 So.2d 278, 279 (La.1974). "The pertinent question in determining whether an abuse of discretion has occurred is whether the award of the trial court can reasonably be supported by the evidence and

---

[6] Roughly totaling $194,655.00
[7] Some of the reasons for therapy other than AT's alleged sexual abuse were seeing her friend's mother's night gown catch on fire, a district manager tried to forcibly touch and kiss her, and she saw the aftermath of a crime scene where her uncle had shot himself.
[8] Totaling $30,000
[9] Doe pertained to a 14 year old girl who was sexually molested by a youth organization leader, who was also her algebra tutor at the time of the molestation.

justifiable inferences from that evidence." *Baker v. City of New Orleans*, 555 So.2d 659, 662 (La.App. 4th Cir.1989), *writ denied* 558 So.2d 603 (La.1990), citing *Bitoun*, 302 So.2d at 279.

The trial court in *Doe* determined that the reviewing court must take into account the individual circumstances of each case and that the award must be supported by the evidence so that the award can be justified.

The trial court in this instance reviewed the evidence and testimony and found a reasonable amount of damages that could be justified based on the weight of all the evidence and testimony was $117,500.

Finally, Appellant contends the trial court committed manifest error by giving credibility to the plaintiff's witnesses. Between Myra Hidalgo, the Appellee's therapist, whose testimony conflicted with the certificate of merit she executed in support of Appellees' petition and admitted bias; and Martha Portillo, the Appellee's mother, who had a lack of memory and was also in divorce proceedings at the time of trial, the Appellant contends that the trial court should not have accorded either of their testimonies any credibility.

The Appellant contends that Ms. Hidalgo's testimony conflicts with her Certificate of Merit. Under La. R.S. 9:2800.9(2)(B), "Every plaintiff twenty-one years of age or older at the time the action is filed shall file certificates of merit executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff."[10] The Appellant argues that Ms. Hidalgo did not perform her treatment for "forensic or legal evaluation."

---

[10] Under La. R.S. 2:800.9, a mental health specialist certificate of merit must meet the following requirement: (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his knowledge of the facts and issues, that in his professional opinion

There is no language that would disqualify Ms. Hidalgo based on a conflict with her Certificate of Merit. Although, Ms. Hidalgo's statements about potential bias would call into question her credibility. During her testimony, when asked if she was biased against the Appellant, she responded "[O]f Course, I am. I've never - - I've never interacted with him, and I've only had Ms. Tinoco's comments, and she's been hurt by him." These comments could reasonably lead a fact finder to determine that the testimony of Ms. Hidalgo should not be afforded any credibility.

Secondly, the Appellant argues that due to the ongoing divorce litigation and Ms. Portillo pressuring MT to file the suit that she is not a credible witness. In Ms. Portillo's testimony, when asked about the divorce proceedings, she states:

> Q. Now, you are embroiled in ongoing litigation with Mr. Tinoco over your community property, right?
> A. Oh, yes.
> Q. That has been going on since 2012 or 2013, correct?
> A. Yes.
> Q. And you are very angry and frustrated that that will not come to an end, aren't you?
> A. Yes.

This combined with MT's testimony about the pressure she faced from her mother to file this suit before the prescription period compounds her credibility concerns. In her testimony MT mentions:

> Q. did you ever tell Ms. Hildago that you thought that your mother was trying to get an advantage in the divorce by having you file the suit or report to the police?
> A. Not that I can recall.
> Q. Did you ever tell Ms. Hildago that you might have been feeling pressure from your mother to file the suit and report to the police?
> A. I felt pressure, yes

---

there is a reasonable basis to believe that the plaintiff has been subject to criminal sexual activity or physical abuse during his childhood as defined in this Section.

After this, during her testimony she also received a message on her phone that she claimed to be a translation. Overall, Ms. Portillo's testimony coupled with her actions bring her credibility as a witness into question.

The Appellant argues that the interpretation of the language of the statute, in regards to the type of contact that allegedly occurred, is imperative to the outcome of this case. After weighing the argument, we agree that there is no specific language in the former version of La. R.S. 14:43.1 in regards to "over the clothes" touching, as well as no reference to a change in the legislative intent to make any new versions of the statute retroactive, but due to specific case law from this court regarding this argument,[11] we find that argument does not have merit.

In upholding the trial court's decision to award the Appellee monetary damages, we find the trial court considered a review of the testimony elicited at trial, the credibility of the same, and the exhibits entered into evidence. Under these circumstances, we find the trial court's ruling was reasonable and commensurate with the severity of the offense in regards to the monetary award.

Considering our review of the record, we conclude that the trial court's ruling for the Appellee, regarding the alleged sexual abuse she went through as a child, withstands the Appellant's contentions. Therefore, we find no error in the trial court's ruling.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Additionally, the Appellant's Exception of Prescription is denied.

---

[11] See Bouton, (La. App. 3 Cir. 03/03/1993), 615 So. 2d 23